162 So. 609

**WILLIAMS, Criminal Sheriff, v. GUERRE, Superintendent of State Bureau of Criminal Identification and Investigation.**

No. 33409.

June 7, 1935.

Rehearing Denied July 1, 1935.

Warren Doyle and Edward Rightor, both of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Geo. M. Wallace and James O'Connor, Asst. Attys. Gen., for appellee.

BRUNOT, Justice.

This is a suit to enjoin the defendant from exercising the powers conferred upon him by Act No. 27 of the Third Extra Session of the Legislature of 1934.

The pleadings consist of an original and a supplemental and amended petition, to which the defendant filed exceptions of no right and no cause of action, and, with reservation of his rights thereunder, he categorically answered each article of the petitions. The court reserved its ruling on the exceptions, and every issue presented by the pleadings was argued and submitted to the court for decision. The court overruled the defendant's exceptions; it maintained the constitutionality of Act No. 27 of the Third Extra Session of 1934; it denied the injunction prayed for by the plaintiff; and it dismissed the suit at his

cost. The case is before us on an appeal by the plaintiff from that judgment.

The petitions allege the act to be unconstitutional for the following reasons:

First. That the act purports to amend a section of the Revised Statutes that was superseded by article 142 of the Constitutions of 1898 and 1913.

With reference to this contention the court held that the section referred to was superseded by article 764 of the Code of Practice of 1870.

Second. That the act merely seeks to amend a repealed section of the Revised Statutes. The court held that the act fully complies with legal requirements, for it revives, amends, and re-enacts the repealed section of the Statutes.

Third. That the act violates section 22 of article 14 of the Constitution of 1921. The court correctly held that the provision of the Constitution which the plaintiff relies upon does not apply to state officers.

Fourth. That the act is in violation of section 16 of article 3 of the Constitution of 1921. The court found that the act has but one object, and that the object is actually expressed in the title.

Fifth. That the act violates section 17 of article 3 of the Constitution of 1921. The court held that this ground of attack was considered and found to be without merit in its reasons for holding that Act No. 27 of the Third Extra Session of 1934 not only amended, but it revived and re-enacted, section 3542 of the Revised Statutes.

Sixth. That the act is in violation of article 3 of the Constitution of 1921. The court found that article 3 of the present Constitution contains 37 sections, and, as no particular section was indicated by the plaintiff, the court needlessly considered the 37 sections and reached the conclusion that the act was not violative of any provision of the article.

Seventh. That the act violates section 6 of article 4 of the Constitution of 1921. This article has reference to special or local laws. The court held that Act No. 27 of the Third Extra Session of 1934 was a general law and applied to deputy sheriffs throughout the state.

The learned judge of the district court has written such a carefully prepared, exhaustive, and accurate opinion that we feel justified in adopting it, in its entirety, as the opinion of this court. The judge says:

"The Legislature of Louisiana at the Third Extraordinary Session held in December, 1934, adopted Act No. 27, reading as follows:

"'An Act to amend and re-enact Section 3542 of the Revised Statutes of Louisiana of 1870, relative to deputy sheriffs, to repeal all laws or parts of law in conflict herewith; and to provide penalties for the violation of this Act.

"'Section 1. Be it enacted by the Legislature of Louisiana, That Section 3542 of

the Revised Statutes of Louisiana of 1870 be and the same is hereby amended and re-enacted so as to read as follows:

" ' "Section 3542. When authorized to do so by, and with the approval of, the Superintendent of the Bureau of Criminal Identification and Investigation, the Sheriff of each parish, and the Criminal Sheriff and the Civil Sheriff of the Parish of Orleans, is authorized to appoint as many deputies as may be deemed necessary or as may be authorized by law, who shall be sworn in by any officer vested with the power of administering oaths. Provided except in the parishes of East Baton Rouge and Orleans, that it shall be required of and mandatory on the Bureau of Criminal Identification and Investigation to approve any five deputy sheriffs submitted by each criminal or civil sheriff of any parish immediately on request for the same by said sheriff on due authority.

" ' "Any person who performs any act whatsoever while claiming to act as a deputy sheriff, or who claims to act as a deputy sheriff, or who accepts any appointment as a deputy sheriff not made in accordance with this Act, and who has not been appointed deputy sheriff as provided herein, or any sheriff who shall appoint any deputy sheriff except as herein provided, shall be deemed guilty of a misdemeanor and on conviction shall be fined not less than One Hundred ($100.00) Dollars nor more than Five Hundred ($500.00) Dollars, and imprisoned in the parish jail for not less than one month nor more than six months; and any person who claims to be a deputy sheriff, or who is appointed a deputy sheriff in any manner other than as herein provided, and who carries concealed on or about his person any weapon shall be deemed guilty of carrying concealed weapons, and punished as provided in the laws prohibiting the carrying of concealed weapons."

" 'Section 2. That all laws or parts of law in conflict herewith, and especially Act 27 of 1902, Act 260 of 1926, Act 114 of 1932, and Article 764 of the Code of Practice, be and the same are hereby repealed.'

"Plaintiff, as criminal sheriff for the parish of Orleans, has brought a suit to prevent by injunction the superintendent of the state bureau of criminal identification and investigation from enforcing Act No. 27 of 1934 [3rd Ex. Sess.], on the grounds that said act is unconstitutional.

"The defendant filed an exception of no cause and no right of action, and with reservation of his rights thereunder filed an answer. The exception was not argued orally, and the ruling of the court thereon was reserved. No exhibits, affidavits, or evidence were offered by either party, and the matter was submitted on briefs after oral argument.

"Counsel for defendant has failed to urge or refer to the exception in his oral argument or brief, and has apparently abandoned the same. Under the circumstances, the exception is overruled, and the issue

will be confined to the constitutionality or unconstitutionality of the act in question.

"Plaintiff in his original and supplemental petition assailed the constitutionality of said Act No. 27 on several grounds which will be considered in the order in which they appear in the petitions.

"The first complaint in that respect is that Act No. 27 purports to amend section 3542 of the Revised Statutes of 1870, and that said act is null, void, and unconstitutional, for the reason that section 3542 had been repealed and superseded by article 142 of the Constitutions of 1898 and 1913.

"Section 3542 of the Revised Statutes of 1870 is very brief and is a verbatim copy of section 6 of Act No. 366 of 1855 and reads as follows:

" 'The sheriff is authorized to appoint as many deputies as he may think necessary, to be sworn in by any officer vested with the power of administering oaths.'

"Article 142 of the Constitutions of 1898 and 1913 which are invoked by counsel for plaintiff provided that the criminal sheriff of the parish of Orleans 'shall appoint, with the approval of the judges of the Criminal District Court for the parish of Orleans, as many deputies as in the opinion of said judges are needed for the efficient discharge of the duties of his office.'

"Counsel for plaintiff contends that section 3542 was superseded by the above-quoted article of the Constitutions of 1898 and 1913, but a careful examination discloses that, if section 3542 was repealed or superseded at all, it was done by article 764 of the Code of Practice.

"Referring to article 764 of the Code of Practice of 1825, we find the following:

" 'Every sheriff may, with the approbation of the Court in which he exercises his duties, name as many deputies as he thinks fit, but he remains responsible for them, and they must, before entering on their duties, take an oath before the Parish or District Judge to perform faithfully the duties required by law from the sheriffs by whom they are named. This appointment and oath shall be entered on the records of the Court.

" 'Nevertheless, such deputies shall be subject to fine and imprisonment, or either, for delinquency of duty, as provided by special laws.'

"When the Code of Practice was revised in 1870, being Act 98 of the General Assembly of that year, article 764 remained intact even as to its number, and had not been amended or superseded previous to the enactment of Act No. 27 of 1934 (3d Ex. Sess.) unless it was repealed by article 142 of the Constitutions of 1898 and 1913.

"A comparison of section 3542 and article 764 shows a conflict between them. Section 3542 authorizes the sheriff 'to appoint as many deputies as he may think necessary, to be sworn in by any officer vested with the power of administering oaths.' Article 764 provided: 'Every sheriff may, with the approbation of the Court

in which he exercises his duties, name as many deputies as he thinks fit * * * and they must, before entering on their duties, take an oath before the Parish or District Judge, to perform faithfully the duties required by law from the sheriffs by whom they are named. * * * This appointment and oath shall be entered on the records of the Court.'

"Under the provisions of section 3542, a sheriff could appoint as many deputies as he deemed necessary, being subject to only one condition or requirement, that being the taking of the oath. The oath could be administered by any person vested with that power. While the sheriff, under the provisions of article 764 still retained the right to appoint as many deputies as he thought necessary, yet several additional requirements and formalities were imposed:

"(1) The approbation of the court.

"(2) The sheriff must exercise his duties in that particular court.

"(3) The deputies must take an oath before a parish or district judge.

"(4) The appointment and oath must be entered on the records of the court.

"A conflict between section 3542 and article 764 of the Code of Practice being apparent, we are confronted with the question as to which shall prevail. This question is answered by section 3990 of the said Revised Statutes, which provides:

" 'That all laws or parts of laws contrary to or in conflict with the provisions

of this act, and all laws or parts of laws on the same subject matter, except what may be contained in the Revised Civil Code and Code of Practice of the present session, be and the same are hereby repealed, except the thirty-third section of an act entitled "An Act for the punishment of crimes and misdemeanors," approved May fourth, eighteen hundred and five, and that in so far as there may be any conflict between the provisions of this act and any provision of the said Revised Civil Code and Code of Practice, that said Code shall be held and taken as the law governing.'

"Considered in the light of the provisions of section 3990, the court is constrained to hold that section 3542 of the Revised Statutes of 1870 was superseded by article 764 of the Code of Practice and not by article 142 of the Constitutions of 1898 and 1913 as contended by plaintiff.

"Having decided that section 3542 of the Revised Statutes has been invalidated, it is now necessary to determine if said Act No. 27 of 1934 merely sought to amend a repealed section, or whether the said recent act revives, amends, and re-enacts the repealed section in question.

"The title to said Act No. 27 reads as follows:

" 'To amend and re-enact Section 3542 of the Revised Statutes of Louisiana of 1870, relative to deputy sheriffs, to repeal all laws or parts of law in conflict herewith; and to provide penalties for the violation of this Act.'

"Section 1 of said act provides:

" 'Be it enacted by the Legislature of Louisiana, That Section 3542 of the Revised Statutes of Louisiana of 1870 be and the same is hereby amended and re-enacted so as to read as follows:'

"As to the contention of plaintiff that Act No. 27 purports to merely amend section 3542 which had already been repealed, a most cursory reading of the title and first section of the said act shows that section 3542 was re-enacted, and that said Act No. 27 specifically repealed all laws or parts of law in conflict therewith, and especially repealed article 764 of the Code of Practice and other acts listed in section 2 of said Act No. 27.

"While there is authority for the proposition that a statute which has been repealed cannot be amended, there is also authority for the contrary view. See 59 C. J. p. 882, and the cases cited thereunder. But there is a difference between a statute which seeks to amend some statute that has been repealed and a statute which re-enacts a section of the Revised Statutes as does Act No. 27 of 1934 (3d Ex. Sess.).

"There is constitutional authority for the revival of a section of the Revised Statutes in section 17 of article 3 of the Constitution which provides:

" 'No law shall be revived or amended by reference to its title, but in such cases the act revived, or section as amended, shall be reenacted and published at length.'

"Act No. 27 of 1934 (3d Ex. Sess.) has complied with the requirements and formalities prescribed in section 17 of article 3 of the Constitution and is not amenable to objections on that score.

"All of plaintiff's objections and complaints set forth in his petition on this particular point are fully answered in the case of the State of Louisiana v. Walters, 135 La. 1070, 66 So. 364, 370, which is the latest expression of the Supreme Court and is the law applicable to this case.

"In the Walters Case, the Supreme Court, in an exhaustive opinion written by Chief Justice O'Niell, upheld Act No. 271 of 1910, which was 'An Act to amend and re-enact Section 805 of the Revised Statutes of Louisiana; to define the crime of Kidnapping and to prescribe a penalty therefor,' as a revival and amendment of said section 805, which had theretofore been repealed. In that case it was definitely held that a statute had been repealed could be revived by re-enactment and also could be amended at the same time and in the reviving act. In this case the Chief Justice used the following language:

" 'Article 31 of the Constitution does not —nor does any other provision of the Constitution—deny the right of the General Assembly, to amend and re-enact—to revive and at the same time amend—a repealed law. The doctrine that a repealed law cannot be amended is good logic, as far as it goes. It means simply that to amend a repealed law, without re-enacting or re-

viving it, accomplishes nothing. But, under the doctrine that an amending act— and especially an amending and re-enacting statute—absorbs and supersedes the amended act, there ought to be no objection to amending a repealed law in the same act by which it is re-enacted. This simple and convenient method of law making is not only not forbidden by our Constitution, but seems to be suggested, if not expressly authorized, in article 32, which provides:

" ' "No law shall be revived, or amended by reference to its title, but in such cases the act revived, or section as amended, shall be re-enacted and published at length. * * * The lexicographers all agree that the word 'revive,' in the sense in which it is used here, is synonymous with 're-enact.' To revive an act is to re-enact it." '

"It will be observed that the Walters Case was decided in the year 1914, and the articles 31 and 32 referred to by the Chief Justice in his opinion related to the Constitution of 1913. Article 31 of the Constitution of 1913 provided:

" 'Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.'

"When the Constitution of 1921 was adopted, article 31 of 1913 became section 16 of article 3, and was changed so as to read as follows:

" 'Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.'

"Article 32 of the Constitution of 1913, already quoted in full in this opinion, became, without change or alteration, section 17 of article 3 of the Constitution of 1921.

"It is therefore apparent that, when Act No. 27 of 1934 (3d Ex. Sess.) was adopted, one of the obstacles to simple and convenient lawmaking had been removed by section 16 of article 3 of the Constitution of 1921. Previous to the framing of the Constitution of 1921, it was provided that 'every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.' It is true the article of the Constitution of 1921 provided that 'every law enacted by the Legislature shall embrace but one object,' but the Constitution of 1921, in the same article, further provided that 'every law * * * shall have a title indicative of such object.' There is considerable difference in a provision of law requiring the object to be expressed in its title and a provision of law requiring the title to be indicative of such object.

"Again referring to the opinion of the Chief Justice in the Walters Case, we find the court, 135 La. 1070, on page 1094, 66 So. 364, 373, using the following language:

" 'And it is now our deliberate opinion and judgment that the Legislature of this state has the authority to make such amendments, in re-enacting or reviving a repealed law or a law that has been declared unconstitutional, as relate to the subject or

object of the original statute, provided this object be expressed in the title of the amending and re-enacting statute.'

"A most casual examination of Act No. 27 of the Third Extra Session of 1934 discloses that said act embraces only one object, and not only is the title indicative of such object, the titles goes even further and complies with the obsolete provision of article 31 of the Constitution of 1913 and actually expresses the object of the act in the title.

"On this point the court concludes that Act No. 27 of the Third Extraordinary Session of 1934 revived, amended, and re-enacted section 3542 of the Revised Statutes of 1870, and, in so far as the particular point under discussion is concerned, is valid legislation.

"The third attack on the constitutionality of said Act No. 27 is that it violates section 22 of article 14 of the Constitution of 1921, which provides:

" 'The electors of the City of New Orleans and of any political corporation which may be established within the territory now, or which may hereafter be embraced within the corporate limits of said city, shall have the right to choose their public officers. This section shall not prohibit the election of any officer by the Council or appointment by the Mayor, nor the filling of vacancies for the unexpired term as now or hereafter provided by law; nor shall it apply to the Board of Liquida-

tion, City Debt, or to any Board of Civil Service Commissioners or Examiners; nor shall it be construed as restricting the police power of the State, or as prohibiting the Legislature from appointing or authorizing the appointment of, any board or commission with full authority in the City of New Orleans other than that of controlling the ordinary governmental functions of municipal government.'

"As to this proposition the court is of the opinion that section 22 of article 14 of the Constitution relates exclusively to municipal officers of the city of New Orleans, and has no application to the office of deputy sheriff, which is a state office. In the very recent case, State ex rel. Attorney General et al. v. Jones, Judge, et al., 181 La. 390, 159 So. 594, 597, which involves the appointment of deputy sheriffs in the parish of East Baton Rouge, the Supreme Court said:

" 'A state officer is one created by the Legislature or established by the Constitution. A deputy sheriff is a state officer created by the Legislature, as his appointment is provided for by section 3542 of the Revised Statutes and article 764 of the Code of Practice, and the "Legislature may provide the mode of filling all offices created by it." Const. 1921, art. 5, § 11; State v. Titus, 152 La. 1011, 95 So. 106; State v. Taylor, 44 La. Ann. 783, 11 So. 132; State v. Rogers, 138 La. 867, 70 So. 863.

" 'Article 764 of the Code of Practice provides that: "Every sheriff may, with

the approbation of the court in which he exercises his duties, name as many deputies as he thinks fit."

" 'Article 764 of the Code of Practice was the only authority that judges of district courts ever had to authorize the appointment of deputy sheriffs, and is expressly repealed by Act No. 27 of 1934 (3d Ex. Sess.), which requires the approval of the appointment of deputy sheriffs by the superintendent of the bureau of criminal identification and investigation of the state of Louisiana. * * *

" 'It is clear that Act No. 27 of 1934 (3d Ex. Sess.) took away from the district judges of this state the authority to approve the appointment of deputy sheriffs and conferred that authority exclusively upon the superintendent of the bureau of criminal identification and investigation of this state.

" 'The district judges of this state have never had any inherent right to appoint deputy sheriffs. That right has been conferred upon them solely by statute.'

"Section 22 of article 14 of the Constitution contains the provision that this section 'shall not be construed as restricting the police power of the State.' Act No. 27 of 1934 (3d Ex. Sess.), with reference to the statutory office of deputy sheriff, is clearly an exercise of the police power, and is therefore exempted from section 22, article 14, even if that section was intended to refer to state officers, which it does not.

"The court is of the opinion that the contention of plaintiff on this particular point is without merit.

"The fourth attack upon said Act No. 27 is that said act violates section 16 of article 3 of the Constitution of 1921, which provides:

" 'Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.'

"The title of Act No. 27 reads as follows:

" 'An Act to amend and re-enact Section 3542 of the Revised Statutes of Louisiana of 1870, relative to deputy sheriffs, to repeal all laws or parts of law in conflict herewith; and to provide penalties for the violation of this Act.'

"In the case of State v. Guidry, 142 La. 422, 76 So. 843, 846, the Supreme Court said:

" 'The constitutional requirement that a statute shall embrace only one object does not mean that each and every means necessary to accomplish the object of the law must be provided for by a separate act relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional requirement that the act must have only one object. See State v. Doremus, 137 La. 266, 68 So. 605, and City of Shreveport v. Nejin, 140 La. 785, 73 So. 996; [Louisiana State] Board of Agriculture [& Immigration] v. Tanzmann, 140 La. 756, 73 So. 854 [L. R. A. 1917C, 894, Ann. Cas. 1917E,

217]; Thomas v. Board of School Directors, 136 La. 499, 67 So. 345; State v. [J.] Foto [& Bro.], 134 La. 154, 63 So. 859.'

"Again, in the case of Allopathic State Board Medical Examiners v. Fowler, 50 La. Ann. 1358, 24 So. 809, 813, in which the jurisprudence on this point is thoroughly reviewed, the Supreme Court held:

" 'When the title of a legislative act expresses a single subject, or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will or may facilitate the accomplishment of the purpose so stated, are germane to its title. There is no constitutional restriction as to the scope or magnitude of the single subject of a legislative act. It has been held that an act to establish the government of the state embraces but a single subject or object, yet it includes all its institutions, all its statutes.'

"Act No. 27 of 1934 (3d Ex. Sess.) embraces the single object of re-enacting section 3542 of the Revised Statutes establishing the statutory office of deputy sheriff and establishing the mode of filling the same. The title is not only indicative of the object as prescribed in section 16 of article 3, but actually expresses the object of the act. There is nothing confusing or misleading about it. There is nothing to direct the attention from some covert, hidden object or purpose of the bill.

"The court is of the opinion that the objections of plaintiff on this particular point are not well founded.

"The fifth ground on which plaintiff challenges the constitutionality of said Act No. 27 is that it violates section 17 of article 3 of the Constitution of 1921, which provides:

" 'No law shall be revived or amended by reference to its title, but in such cases the act revived, or section as amended, shall be reenacted and published at length.'

"This objection and contention has been considered and disposed of by the court; it being the second ground on which the constitutionality of Act No. 27 was attacked by the plaintiff. The case of State v. Walters is a full and complete answer on this point.

■ "The sixth ground on which the constitutionality of said Act No. 27 is questioned is that it violates article 3 of the Constitution of Louisiana. The third article of the Constitution consists of 37 sections, some of them very brief, some of them quite long. Although counsel for plaintiff has not designated the specific sections violated by Act No. 27 of 1934 (3d Ex. Sess.), the court has carefully read the sections going to make up this article, but has failed to ascertain in what way said Act No. 27 is violative of any of the provisions of said article.

■■ "The seventh and final attack on said Act No. 27 of 1934 is that it violates section 6 of article 4 of the Constitution, which provides:

" 'No local or special law shall be passed on any subject not enumerated in Section

4 of this article, unless notice of the intention to apply therefor shall have been published, without cost to the State, in the locality where the matter or things to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill, and in the same manner provided by law for the advertisement of judicial sales. The evidence of such notice having been published shall be exhibited in the Legislature before such act shall be passed, and every such act shall contain a recital that such notice has been given.'

"Under the provisions of section 14 of article 5 of the Constitution of this state, the Governor is empowered and authorized to call extra and special sessions of the Legislature; and he is the sole judge as to whether or not an occasion for such session exists, and his action in this respect is not subject to be questioned by the courts. 59 C. J. § 62, p. 91, and cases cited in the notes.

"In the case of State v. Michel, Secretary of State, 127 La. 685, 53 So. 926, the Supreme Court used the following language:

" 'The power conferred by article 75 of the Constitution on the Governor to convene the General Assembly to legislate on designated subjects, and on the General Assembly so to legislate, presupposes an urgent necessity for prompt action, and the

exercise of such power is not controlled by the requirement, of article 50 of the Constitution, that previous notice of the intention to enact local or special laws, not prohibited by article 48, shall be published for 30 days, without expense to the state.'

"Assuming that Act No. 27 of 1934 (3d Ex. Sess.) was a local or special law, even in that event, under the decision of the above-quoted case, which seems to be the only case upon the point, section 6 of article 4 would not be applicable.

"Act No. 27 of 1934 (3d Ex. Sess.) is not a special or local law. It is a law passed by the Legislature on the subject of the appointment of deputy sheriffs throughout the state, and, while it is true that different provisions were made for their appointment in the parishes of East Baton Rouge and Orleans, this fact does not make the act special or local law.

"As pointed out in the opinion recently rendered by the Supreme Court, State ex rel. Attorney General v. Jones, Judge, 181 La. 390, 159 So. 594, a deputy sheriff holds an office which has been created by the Legislature, and is therefore a state officer. If the Legislature prescribed the mode of filling all offices created by it, it may also prescribe a mode in one parish different from that in another, involving the same character of office.

"In the case of State v. Donato, 127 La. 393, 53 So. 662, the Supreme Court held:

" 'A law, general in its terms, applying to all persons * * * is not a "local law"

* * * merely because the conditions under which it can operate prevail only in certain parts of the state.'

"Many cases could be cited directly in line with the opinion in the Donato Case, but suffice to say that the jurisprudence of this state is in accord with the general rule announced in 59 C. J. 730, as follows:

" 'It is not necessary that a law, in order to be general, shall affect all of the people of the State, or all of the State, nor need it include all classes of individuals; it may be intended to operate over a limited number of persons or things, or within a limited territory, the law may be general although presently operative on but a single individual, or thing, place, or political subdivision, such as a county or municipal corporation; and its general character is not affected by the number of persons, things or localities which come within the scope of its operation.'

"Upon this point the court concludes that the contentions and complaints of plaintiff are also without merit.

"And finally it must be borne in mind that section 89 of article 7 of the Constitution of 1921 provided that the provisions of law and of the Constitutions of 1898 and 1913, relative to the criminal sheriff of the parish of Orleans and his deputies, assistants, clerks, and other employees, should, except as otherwise provided in the Constitution of 1921, continue in effect until changed by the Legislature. Act No. 27 of the Third Extraordinary Session of the Legislature of 1934 legally accomplished this change and is valid legislation.

"The court is of the opinion that the attacks made upon the constitutionality of said Act No. 27 of 1934 (3d Ex. Sess.) by the plaintiff are all without merit.

"For the reasons assigned, the exception of no cause and no right of action filed by the defendant is overruled. The rule issued herein upon the petition of the plaintiff is recalled, and the application by plaintiff for a preliminary injunction is denied, and the suit dismissed, at plaintiff's cost."

We are of the opinion that Act No. 27 of the Third Extra Session of 1934 is constitutional, and therefore the judgment of the district court is affirmed; appellant to pay all costs of court.

O'NIELL, C. J., and ROGERS, J., concur in the decree.