193 So. 657

**STATE ex rel. CALIFORNIA CO. v. JEFFERSON & PLAQUEMINES DRAINAGE DIST.**

No. 35532.

Oct. 30, 1939.

On Rehearing Feb. 5, 1940.

James R. Fuller, W. G. Randolph, C. W. Phillips, and Taylor, Porter & Brooks, all of Baton Rouge, for plaintiff and appellee.

John E. Fleury, Dist. Atty., and Ernest M. Conzelmann, Asst. Dist. Atty., both of Gretna, for defendant and appellant.

ROGERS, Justice.

The Jefferson & Plaquemines Drainage District, comprising certain portions of the Parishes of Jefferson and Plaquemines, lying on the west bank of the Mississippi River, was organized in the year 1912 under the provisions of Act 317 of 1910. On October 1, 1921, the drainage district, at a tax sale conducted by the sheriff and tax collector for the Parish of Plaquemines, acquired a certain tract of land in which was included section 45, township 15 south, range 24 East, Plaquemines Parish, to collect the delinquent taxes assessed thereon to L. A. Figale. The tax deed was registered on November 15, 1921, in Book 56, folio 764, of the conveyance records of Plaquemines Parish. The Jefferson and Plaquemines Drainage District, since its acquisition thereof, has at all times claimed the ownership of the property, and its title thereto was confirmed by Act 235 of 1936.

The California Company is a corporation organized under the laws of the State of California, but is authorized to do, and is doing, business in this state as a producer of oil, gas and other minerals. On July 23, 1938, the Jefferson and Plaquemines Drainage District granted a mineral lease to the California Company covering section 45, township 15 south, range 24 east, for a primary term of three years from its date, and as long thereafter as minerals are produced from the leased premises. The lease provided for the payment of a cash bonus of $1,809, and stipulated that the lease should be terminated unless the lessee paid an annual rental of $1,809 in the event that drilling operations had not been com-

menced on the leased premises. The lease also contained the usual provisions, including warranty of title by the lessor, and provided for the extension of the primary term upon the lessee's complying with certain enumerated conditions.

A serious doubt having arisen in the minds of the members composing the Board of Commissioners of the Jefferson and Plaquemines Drainage District as to their power to execute the mineral lease to the California Company, the Board of Commissioners of the drainage district, on July 12, 1939, adopted a resolution to decline any payment or tender of rental by the California Company and instructing its president to refuse such payment or tender of payment in the event it should be made. On July 23, 1939, the California Company, as lessee, made a legal tender to the Board of Commissioners of the drainage district of the annual rental payable under the terms of the lease, which tender was refused. A procès verbal showing the tender and its refusal was made in notarial form. The California Company then filed this suit, alleging substantially the facts as above stated and praying for the issuance of an alternative writ of mandamus, commanding the Jefferson and Plaquemines Drainage District to accept and receipt for the rental payment tendered for the purpose of continuing the mineral lease in effect. Answering plaintiff's petition, the respondent drainage district admitted all its essential allegations but set up as a defense to the suit that it lacked the authority to execute the lease originally and, therefore, did not desire to incur further responsibility as a lessor. Respondent further averred that it executed the lease to the relator under the provisions of Act 317 of 1910, as amended by Act 236 of 1936, and that Act 236 of 1936 is unconstitutional in that the body of the act is broader than its title, in contravention of section 16 of Article 3 of the Constitution of Louisiana of 1921, and respondent specially pleaded the unconstitutionality of the act. In the alternative, respondent averred that in the event the court should hold that Act 236 of 1936 is constitutional, respondent denied that the provisions of Act 317 of 1910, as amended by Act 236 of 1936, empowered respondent to execute the lease.

The case was tried in the court below upon an agreed statement of facts and resulted in a judgment in favor of the California Company and against the Jefferson and Plaquemines Drainage District, decreeing that the alternative writ of mandamus be made peremptory and commanding the drainage district to accept the tender of the rental payment made to it by the California Company for the privilege of continuing the mineral lease in effect and to issue the proper rental receipt to the lessee. The Jefferson and Plaquemines Drainage District has appealed from the judgment.

The contentions in this case are over the legality and the effect of Act 236 of 1936. The contention of the California Company is set forth in the brief filed in its behalf in these words: "The contention is made that any agency of the state must be specifically authorized by statute to execute an oil, gas and mineral lease. We

agree that the agency must be specifically so authorized to execute such lease, but it is our contention that the Legislature has so authorized the Jefferson and Plaquemines Drainage District by the enactment of Act 236 of 1936, wherein it specifically stated 'That the Jefferson and Plaquemines Drainage District shall have the power and authority to rent, lease or use said property purchased by it, as hereinabove provided, as it may deem fit * * *.' "

The contention of the Jefferson and Plaquemines Drainage District is embodied in its primary claim that Act 236 of 1936 is unconstitutional and, in its alternative claim, that if constitutional, the statute does not authorize the drainage district to execute a mineral lease.

The first question to be determined is whether Act 236 of 1936 is unconstitutional as contended by the respondent drainage district. A determination of this question, favorable to the respondent's contention, will dispose of the case.

Section 16 of Article 3 of the Constitution of Louisiana of 1921 provides that: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object." A mere reading of the title of Act 236 of 1936 discloses that the act is intended to be a special or local statute, enacted under the provisions of section 6 of Article 4 of the Constitution of Louisiana of 1921. But the special or particular place or locality to be affected is not set forth.

The Jefferson and Plaquemines Drainage District is not mentioned in the title of Act 236 of 1936. According to the title, the object of the act is to deal with the lands and affairs of some unnamed drainage district. So far as they relate to the enforcement of the collection of taxes assessed against lands within a drainage district, the provisions of Act 236 of 1936 are general and not local in their scope. The provisions of the act are local or special only so far as they authorize the Register of the Land Office to sell to the Jefferson and Plaquemines Drainage District, on certain terms and conditions, property within the district which had been adjudicated to the state for delinquent taxes and had not been redeemed within a three-year period, and so far as they define the powers of the Jefferson and Plaquemines Drainage District to deal with the property so acquired, as well as other property acquired at tax sales made by the sheriffs of the Parishes of Jefferson and Plaquemines.

Plaintiff refers to a number of decisions holding that the title of a legislative act need not be a synopsis of its contents, and that the title is sufficient if it indicates the general purpose without specifying each provision of the law. But none of these decisions is exactly in point. While there is no necessity for the title of a legislative act to be a complete index to every section of the act, the title should be such an index as to put those who are to be affected by the act upon inquiry into its contents. Surety Credit Company v. Tieman, 171 La. 581, 131 So. 678, and authorities therein cited.

The object of Act 236 of 1936 is not fairly indicated by its title and the title itself is misleading and wholly insufficient to

put on inquiry those persons who may be affected by its provisions.

There is a wide difference between the language of the title and the provisions of the statute as to the object to be attained by the law and, therefore, the statute is violative of section 16 of Article 3 of the Constitution.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of the Jefferson and Plaquemines Drainage District, defendant, and against the California Company, plaintiff, recalling the alternative writ of mandamus herein issued and rejecting plaintiff's demands at its cost.

O'NIELL, C. J., dissents.

PONDER, J., absent.

On Rehearing.

LAND, Justice.

On July 23, 1938, the Jefferson and Plaquemines Drainage District granted a mineral lease to The California Company covering Section 45, Township 15 South, Range 24 East, for a primary term of three years from its date and as long thereafter as minerals are produced from the leased premises. The lease provided for the payment of a cash bonus of $1,809, which was accepted by the Drainage District, and stipulated that the lease should be terminated unless the lessee paid an annual rental of $1,809 in the event that drilling operations had not been commenced on the leased premises. The lease also contained the usual provisions, including warranty of title by the lessor, and provided for the extension of the primary term upon the lessee's complying with certain enumerated conditions.

On July 23, 1939, The California Company, as lessee, made a legal tender to the Board of Commissioners of the Drainage District of the annual rental payable under the terms of the lease, which was refused. The California Company then filed this suit, and prayed for the issuance of an alternative writ of mandamus, commanding the Drainage District to accept and receipt for the rental payment tendered for the purpose of continuing the mineral lease in effect.

Answering plaintiff's petition, the Drainage District averred that it executed the lease to plaintiff under the provisions of Act 317 of 1910, as amended by Act 236 of 1936, and that Act 236 of 1936 is unconstitutional, in that the body of the act is broader than its title, in contravention of Section 16 of Article 3 of the Constitution of 1921.

In the alternative, the Drainage District averred that, in the event the court should hold that Act 236 of 1936 is constitutional, the Drainage District denied that the provisions of Act 317 of 1910, as amended by Act 236 of 1936, empowered the Drainage District to execute the lease.

(1) In the original opinion it is held that Act 236 of 1936 is violative of Section 16 of Article 3 of the Constitution of 1921, and is therefore unconstitutional. Judg-

ment was rendered in favor of the Jefferson and Plaquemines Drainage District, defendant, and against The California Company, plaintiff, recalling the alternative writ of mandamus and rejecting plaintiff's demands at its costs.

The case is now before us on rehearing.

The title of Act 236 of 1936 is: "An Act Providing for the enforcement of the collection of the acreage tax or forced contributions against the lands *within said drainage, or a sub-drainage district thereof;* providing for the sale of property sold for non-payment of taxes, after the period of redemption has expired; authorizing the granting of a good and valid title free and clear of liens or encumbrances; *confirming to said Drainage District* titles to property already *purchased by it* at tax sale, *and authorizing it* to subdivide lands so purchased into lots, parcels, plats, or tracts; authorizing the sale of same; providing what back taxes shall be collected; *authorizing said Drainage District to rent, lease or use the property purchased by it,* to grant rights-of-way and dig canals, ditches and drains, construct public works *thereon; authorizing said Drainage District* to adopt rules and regulations relative to the subdivision, sale and use *of said property,* and repealing all law and parts of laws in conflict herewith.

*"Whereas notice of intention to apply for the passage of this Act has been published and evidence of such publication exhibited, both as prescribed by Section 6 of Article IV of the Constitution of Louisiana of 1921,* therefore." (Italics ours.)

Then follow Sections 1, 2, 3, 4, 5, 6 and 7 of Act 236 of 1936, carrying out its various provisions as indicated in its title. In each of these sections, *the Jefferson and Plaquemines Drainage District is specifically mentioned as "the said Drainage District,"* referred to in the title of Act 236 of 1936.

In the original opinion it is said: "A mere reading of the title of Act 236 of 1936 discloses that the act is *intended to be a special or local statute,* enacted under the provisions of Section 6 of Article 4 of the Constitution of Louisiana of 1921. *But the special or particular place or locality to be affected is not set forth."* (Italics ours.)

We do not concur in the conclusion reached in the original opinion that "the title itself is misleading *and wholly insufficient* to put on inquiry those persons who may be affected by its provisions." (Italics ours.)

In the case of Williams v. Guerre, 182 La. 745, 162 So. 609, the Supreme Court said at page 760, of 182 La., at page 613 of 162 So: " 'It is therefore apparent that, when Act No. 27 of 1934 (3d Ex.Sess.) was adopted, one of the obstacles to simple and convenient lawmaking had been removed by section 16 of article 3 of the Constitution of 1921. Previous to the framing of the Constitution of 1921, it was provided that "every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title." It is true the article of the Constitution of 1921 provided that "every law enacted by the Legislature shall embrace but one object," but the Constitution of 1921, in the same

article, further provided that "every law * * * shall have a title indicative of such object." *There is considerable difference in a provision of law requiring the object to be expressed in its title and a provision of law requiring the title to be indicative of such object.'* " (Italics ours.)

Chief Justice O'Niell in his concurring opinion in the case of William M. Barret, Inc. v. First National Bank of Shreveport, 191 La. 945, at pages 962, 963 and 964, 186 So. 741, 747, also said: " * * * as the case may have been, the object of this statute is not expressed in its title. To that extent the statute might not stand the test of article 31 of the Constitution of 1898 or of 1913,—which required the object of the law to be expressed in its title. But, in the Constitution of 1921, article 3, section 16, this requirement is relaxed so that it is required now only that the title of a statute shall be indicative of its object. It is argued, of course, that the title of Act No. 163 of 1934 is not even indicative of the object which I have referred to. Under a strict construction of the requirement of the Constitution the argument would be well founded. But the rule which prevails everywhere is that a liberal interpretation is to be given to such a provision as we have in section 16 of article 3 of the Constitution of Louisiana. In fact the better opinion on this subject seems to be that the word 'object' is synonymous with 'subject', and that it is sufficient if the subject dealt with in the statute is indicated in its title,—provided, of course, that there is nothing misleading in the title of the statute. The purpose of the constitutional requirement is to avoid deceiving the members of the Legislature, or other persons who are especially interested in the legislation. *It is not likely that any person having a sufficient interest in the subject of this legislation to read the title of the act would not be prompted thereby to read the act itself, or would be so negligent as to read only the title of the act.* There have been cases, of course, where the title of a statute was so defective that it might deceive a person interested in the subject matter; and in such cases the statutes have been pronounced unconstitutional. *This is not such a case.*" (Italics ours.)

Nor, in our opinion, is the case at bar "such a case."

The title of Act 236 of 1936 is far from being so defective that it might deceive a person interested in the subject matter. The title is defective in the sole particular that it omits the name of Jefferson and Plaquemines Drainage District. But, on the other hand, the title refers to "said Drainage District," and shows, in addition to this, that Act 236 of 1936 is a special or local law. In every section of this act the Jefferson and Plaquemines Drainage District is specifically mentioned.

As said by the Chief Justice in his concurring opinion above quoted: "It is not likely that any person having a sufficient interest in the subject of this legislation to read the title of the act would not be prompted thereby to read the act itself, or would be so negligent as to read only the title of the act."

In our opinion Act 236 of 1936 does not contravene Section 16 of Article 3 of the

Constitution of 1921, and is constitutional and valid.

■ (2) It is also our opinion that the Board of Commissioners of the Jefferson and Plaquemines Drainage District had ample power and authority to make the mineral lease in question to relator, The California Company. This lease covers Section 45, Township 15 South, Range 24 East, in Plaquemines Parish. The title by delinquent tax sale of this property to the Jefferson and Plaquemines Drainage District, respondent, was confirmed to the Drainage District by Act 235 of 1936.

Section 5 of Act 236 of 1936 provides: "That the Jefferson and Plaquemines Drainage District shall have the power and authority *to rent, lease or use* said property purchased by it, as hereinabove provided, *as it may deem fit.*" (Italics ours.)

(3) We observe, en passant, that Act 235 and Act 236 of 1936 are companion acts, and both were approved by the Governor on the same day, July 9, 1936.

Act 235 of 1936 is entitled: "An Act To ratify, quiet and confirm as legal and valid, the title to all lands located *in the Jefferson and Plaquemines Drainage District,* purchased by *said Drainage District* at tax sale made by the Sheriffs and Ex-Officio Tax Collectors for the Parishes of Jefferson and Plaquemines for delinquent taxes due the State, Parish and all political subdivisions of said Parishes, where said sales were made prior to January 1, 1931, and repealing all laws or parts of laws in conflict with the provisions of this Act.

"Whereas notice of intention to apply for the passage of this Act has been published, and evidence of such publication exhibited, both as prescribed by Section 6 of Article IV of the Constitution of Louisiana, therefore."

Then follow Sections 1 and 2 of Act 235 of 1936, which is published in the Acts of 1936 on page 635 and the upper part of page 636. On the lower part of page 636 the title of Act 236 of 1936 is published. In the title of Act 236 of 1936 *"said Drainage District"* is referred to, without specifically mentioning "the Jefferson and Plaquemines Drainage District," which, however, is specifically mentioned in each of the sections of Act 236 of 1936.

For the reasons assigned it is ordered, adjudged and decreed that our former decree in this case be set aside.

■ It is now ordered, adjudged and decreed that the alternative writ of mandamus herein issued be made peremptory; and, accordingly, that there be judgment in favor of The California Company, the relator, and against the Jefferson and Plaquemines Drainage District, the respondent, commanding respondent to accept and receive the sum of $1,809 cash, heretofore tendered to it by relator, for the right and privilege of continuing that certain oil, gas and mineral lease, executed by respondent on the 23rd day of July, 1938, in full force and effect, and of deferring commencement of drilling operations for a period of twelve months, beginning July 23, 1939, as provided by the terms and conditions of said mineral lease; and the said respondent is further ordered and commanded to issue due

and proper receipt for the said payment to the relator.

It is further ordered, adjudged and decreed that the respondent pay all costs of court.

ODOM, J., dissents.

ROGERS, Justice (dissenting).

I adhere to the views expressed in the original opinion handed down in this case.

The purpose of section 16 of Article 3 of the Constitution of 1921 is to require that the object of a statute be indicated by its title. In compliance with the constitutional mandate, the title of a statute must fairly point out the object of the legislation. This must be done with sufficient clearness to give notice of the legislative intent and purpose to all persons interested therein or affected thereby without the aid of suggestions or inferences which may be drawn from knowledge dehors the title. I submit that the title of Act No. 236 of 1936 does not do this. There are a number of drainage districts within the State to any one of which, according to the title, the language in the body of the act might apply.

In my opinion, the Court is not authorized to write into the title of the statute the name of the Jefferson and Plaquemines Drainage District in order to harmonize the title with the body of the act. Nor is the Court authorized to resort to extrinsic information or knowledge to make a good title out of a bad title.

Act 236 of 1936 being intended as local in character, I do not think the recital following the title and preceding the body of the act, that notice of intention to apply for

its passage has been published and evidence thereof has been exhibited, is a part of the title of the statute as the prevailing opinion would seem to indicate. It is merely the recital that every local and special law is required to contain under the provisions of section 6 of Article 4 of the Constitution of 1921, a wholly different constitutional provision from the one requiring the object of a statute to be indicated in its title, which is section 16 of Article 3 of the Constitution of 1921.

I do not think that any one reading the title of Act No. 236 of 1936, or even the recital as to the publication of notice of intention to apply for its passage, would expect to find that the body of the act applied to the Jefferson and Plaquemines Drainage District any more than he would expect to find that the body of the act applied to any one of the other drainage districts existing and operating throughout the State.