YARRUT, Judge.
This is a quo warranto proceeding under LSA-C.C.P. Arts. 3901, 3902, and LSA-R.S. 42:76(1) and (2). Plaintiffs allege they are public officers under LSA-R.S. 42:1 and, notwithstanding they were duly elected to the offices of President, Vice-President and Executive Committeeman, respectively, by the Jefferson Parish School Board at a meeting held December 5, 1962, for a period of one year, they were removed from office at an illegal meeting, and by an illegal vote, on January 7, 1963, when Defendants, Emile Gennaro, Vincent Giase and Samuel J. Mc-Grew, were elected to replace them.
Plaintiffs pray to be restored to their respective offices; that their successors be ousted therefrom; and enjoined from exercising the functions thereof. In addition, they ask that Defendant, Samuel J. Mc-Grew, be held to have vacated his membership on the Board when he accepted an office of trust and profit under the Federal Government. LSA-Const. Art. 19 § 4.
The District Court dismissed Plaintiffs’ suit, from which Plaintiffs have taken this appeal.
Act 85 of 1960, governing the School Board of Jefferson Parish only, now contained in the Revised Statutes, provides:

LSA-R.S. 17:60

“D. The president of the board shall be elected annually by the members of the board from among the membership of the board. He shall not be eligible to succeed himself, nor shall he be eligible for re-election as president for three years after the expiration of the term as president for which he was elected.
* * ‡ ‡ $ jft
“G. The general school laws in Title 17 of the Louisiana Revised Statutes of 1950 shall govern the Jefferson Parish School Board in all cases not in conflict with the provisions of this Section. Added Acts 1960, No. 85, § 1.”
Except for LSA-R.S. 17:60(D), the Jefferson Parish School Board would be governed by the general statute, LSA-R.S. 17:54, reading:
“The parish school boards of the several parishes shall elect from among their number a president and a vice-president and fix their terms of office not to exceed six years.
“Each board shall elect a parish superintendent of schools, having such qualifications as may be fixed by the state board of education, for a period *533 of four years beginning July 1, 1925. The parish superintendent of schools shall not he required to be a qualified elector or a resident of the parish which he is to serve as superintendent. He shall be required to devote his entire time to the office of parish superintendent of schools.
“If at any time a parish superintendent shall be found incompetent, inefficient or unworthy, he shall be removable for such cause by a majority vote of the membership of the parish school board at any regular meeting or at any special meeting after due notice.”
Defendants admit the election of Plaintiffs on December 5, 1962, and their removal at the meeting of January 7, 1963, but contend the Board, at its pleasure, had the right to remove Plaintiffs under LSA-R.S. 17:54; but, if bound by the Jefferson Parish School Board statute, then the provision that the President shall be elected “annually,” does not mean for a year, but only that the Board should meet at least annually and elect a President, who would be subject to removal at their pleasure, as provided by LSA-R.S. 17:54 governing school boards generally.
Defendants further contend that Plain-' tiffs cannot collaterally attack the right of Defendants to hold and perform their respective offices.
In the alternative, Defendants contend that, if the Jefferson Parish School Board statute (LSA-R.S. 17:60(D)) be construed otherwise, such construction would contravene LSA-Const. of 1921, Art. 4 § 4, prohibiting the Legislature (1) from passing local or special laws on the subjects specified therein, one of which is: “Regulating the management of public schools, the building or repairing of schoolhouses and the raising of money for such purposes, except as otherwise provided in this Constitution,” and (2) “For the holding and conducting of elections, or fixing or changing the place of voting.”
We must first determine the constitutionality of the Jefferson Parish School Board Act of 1960 within the purview of Const. Art. 4 § 4, prohibiting local or special laws with respect to school board management; and local and special laws dealing with elections. The prohibition against local or special laws dealing with elections, clearly means elections by the people, not elections by public boards of their own officers.
Our courts have defined “local” or “special” laws as those wherein private individuals are seeking some private advantage or advancement for the benefit of private persons or property within a certain locality; and, specifically, that a law passed for the purpose of fixing salaries of deputy criminal sheriffs of New Orleans was not a local or special law; and that a voting machine law, making the use of voting machines mandatory in New Orleans, and granting to other parishes of the State the option of determining whether they would adopt voting machines or not, was not invalid as a “special” or “local” law; and that a law prescribing that a public office shall be filled differently in one parish than in another, was not a “special” or “local” law. State ex rel. Grosch v. City of New Orleans, 211 La. 241, 29 So.2d 778; Kotch v. Board of River Port Pilot Com’rs for Port of New Orleans, 209 La. 737, 25 So. 2d 527; Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508; Williams v. Guerre, 182 La. 745, 162 So. 609.
Let us now consider whether a special statute regulating the management of one school board alone, and not generally all, comes within the definition of a local or special law. Const. Art. 4 § 4, first prohibits the Legislature from passing a local or special law “[rjegulating the management of public schools * * * except as otherwise provided in this Constitution.”
*534 Art. 12 § 10 dealing with the Legislature’s general authority to create parish school boards, reads:
“The Legislature shall provide for the creation and election of parish school hoards which shall elect parish superintendents for their respective parishes, and such other officers or agents as may be authorized by the Legislature. The State Board of Education shall fix the qualifications and prescribe the duties of parish superintendents who need not be residents of the parishes. Wherever a parish contains a municipality, the population of which is more than one-half of that of the entire parish, it shall have representation on the parish school board proportionate to its population.”
Then follows Art. 12 § 11, dealing with local school board systems, reading:
“Municipal or parish school boards and systems now in existence by virtue of special or local legislative acts are hereby recognized, subject to control by and supervision of the State Board of Education, and the power of the Legislature to further control them by special laws.”
Clearly, from a reading of these articles of the Constitution, the only local or special laws regarding school boards which are valid, are those in existence at the time of the adopting of the 1921 Constitution. We find no local or special law governing the Jefferson Parish School Board in effect when the 1921 Constitution was adopted.
As further evidence that Act 85 of 1960 was considered as a local or special law, the title of Act 85 itself, in complying with Const. Art. 4 § 6, for the enactment of permissible local or special laws, states:
“Notice of intention to apply for the passage of this Act has been published and evidence of such publication exhibited to the Legislature, both as provided by Section 6 of Article IV of the Constitution of Louisiana.”
Act 85 of 1960 (LSA-R.S. 17:60 (D)), regulating the Jefferson Parish School Board is, therefore, unconstitutional as a prohibited local or special law, and hence its interpretation is moot. With LSA-R.S. 17:60(D) invalidated, the Jefferson Parish School Board is governed by LSA-R.S. 17:54, and can remove its officers at pleasure, as that statute fixes no minimum tenure, but only a maximum tenure of six years.
LSA-R.S. 42:77, Chapter 3, entitled,. “Right to Office,” provides that, in the cases-covered in LSA-R.S. 42:76 (1) and (2), am action may be brought by any person demanding possession of an office against any person claiming or exercising the functions-of the office:
(1) When any person usurps, intrudes-into, or unlawfully holds or exercises, or attempts to remain in possession of any-public office or franchise within this State;-
(2) When any public officer has done,, or suffered to be done, an act which under the laws of this State constitutes a forfeiture of his office.
This brings us to the question whether the-removal of Plaintiffs was effected at a meeting illegally called and held, and by the illegal vote of one of its disenfranchised’ members (Mr. McGrew).
The meeting of January 7, 1963,. was validly called and held because all members either signed the petition for the meeting or participated therein, without objection, except that 8 of the 17 refrained from voting. Having joined in the call, attended and participated therein, all members are estopped to complain as to the-legality of the call and holding of the meeting.
Regarding Mr. McGrew* s status, the contention is the vote taken on the removal of' Plaintiffs should have been an ineffective tie vote of 8 to 8, and not 9 to 8 for removal, because Mr. McGrew, having previously accepted a position of profit and trust under- *535 the Federal Government, ipso facto lost his membership on the Board, under La.Const. 1921, Art. 19 § 4, prohibiting one from holding an office of profit and trust under ■the State while holding one under the Fed■eral Government. Mr. McGrew admitted that, on the date of the meeting in question, lie was a salaried employee of the Federal Housing Administration, as a Real Property Assistant to re-write specifications for property repairs, and that he was qualified as a Federal employee under Civil Service Regulations of the Federal Government. State ex rel. Wimberly v. Barham, 173 La. 488, 137 So. 862.
As laws in pari materia (LSA-C.C. Art. 17) may be used in the interpretation of other laws, we find LSA-R.S. 42 :33 (under Chapter 2 “Eligibility to Hold Office or Position”), the provision that * * * any member of the parish governing authority or school board who violates this Section shall ipso facto be deprived of his office.” The preceding Section, 42:31, provides that those who hold office under •other governments, foreign or domestic, are ineligible to be members of the Legislature or hold or exercise any office, position ■or employment of profit under the State. While membership in the School Board is not an office of profit, it is an office of trust -under Const. Art. 4 § 4.
Accordingly, it is the judgment of this ■Court:
1. That LSA-R.S. 17:60(D) governing the election of officers of the Jefferson Parish School Board, is a local or special law, prohibited by the Constitution, and that Plaintiffs’ tenure is governed solely by LSA-R.S. 17:54;
2. That Samuel J. McGrew, at the time of the meeting of the Jefferson Parish School Board on January 7, 1963, had already forfeited his membership on that Board by the acceptance of an office of profit and trust under the Federal Government and, therefore, was ineligible to hold -or exercise the functions thereof;
3. That Plaintiffs are entitled to be restored forthwith to the respective offices to which they were elected December 5, 1962, until removed at a valid meeting and by a valid vote of the legal members of the Board;
4. The judgment of the District Court is reversed, and this case is remanded to the District Court to issue such orders as may be necessary to enforce the judgment of this Court; taxable costs in both Courts to be borne by Plaintiffs.
Judgment reversed and case remanded, with instructions.