William N. POLLARD, Appellant,

v.

H. R. SWENSON, Warden, Missouri State
Penitentiary, Respondent.

No. 51818.

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

STOCKARD, Commissioner.

Plaintiff filed in the Circuit Court of Cole County what he labeled "Petition for Declaratory Judgment." Reference is also made in the petition to an application for Quo Warranto. The petition is inartfully drawn and contains allegations in the form of conclusions and which are argumentative in nature. However, when we glean out the extraneous matter, plaintiff has alleged, in substance, that he is a prisoner in the Missouri State Penitentiary who seeks to institute a post-conviction legal proceeding to challenge the validity of the judgment pursuant to which he is being held in confinement; that he has arranged to have sent to him photostatic copies of certain army medical records which he asserts are necessary and material to his application for relief; and that the warden and assistant warden of the penitentiary have taken possession of the copies of those records and refuse to permit plaintiff to copy them or use them in connection with his contemplated legal proceeding. The prayer was that the court order that plaintiff's "mental documents and records to be properly restored and delivered to [him] so that he may proceed to petition for relief of grievances from his prison imprisonment." Attached to the petition was an "Application for Subpoena Duces Tecum" in which plaintiff requested that the warden of the penitentiary be required to produce

from his office "all mental records and documents" concerning plaintiff for inspection by the court.

No responsive pleading was filed, but the trial court entered its order as follows: "Applicaton for subpoena duces tecum, for declaratory judgment and for Quo Warranto denied." Thereafter, plaintiff timely filed his notice of appeal to this court.

We are immediately faced with the question of our jurisdiction of this appeal. The named defendant is "H. R. Swenson, Warden, Missouri State Penitentiary." If this court has jurisdiction it is only on the basis that this is a civil case where a "state officer as such is a party" within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S.

■ This court recently held that "A 'state officer' within the meaning of Article V, Section 3, of the constitution V.A.M.S. regulating the jurisdiction of this Court must exercise a portion of the sovereign power of government *independently* and without control of a superior power other than the law." Shepherd v. Department of Revenue, Mo., 370 S.W.2d 381, 382. See also Mossman v. St. Joseph Lead Co., Mo. App., 254 S.W.2d 241, and compare State ex rel. Webb v. Pigg, 363 Mo. 133, 249 S.W.2d 435.

Section 216.010 (all statutory references are to RSMo 1959, V.A.M.S.) creates "as a department of state government 'A Department of Corrections'" which by Section 216.020(3) is "To have control and jurisdiction over all intermediate and adult correctional and penal institutions and activities in this state * * * including the state penitentiary, * * *." The chief administrative officer of the Department of Corrections is a director who has general supervision, management and control of the institutions within the department, and who is authorized to make such rules and regulations, not in conflict with the laws of this state, as he may deem proper for the government and management of the institutions

under the jurisdiction of the department. Section 216.115. Within the Department of Corrections there are seven divisions, one of which is the division of administration, Section 216.010, which has general supervision over the custody, care and discipline of all inmates and the management and maintenance of all institutions under the jurisdiction of the department. Section 216.215. The chief administrative officer of the division of administration is the director of the Department of Corrections. Section 216.220. The director is authorized to appoint "for the state penitentiary, a warden, * * * who shall be the chief administrative officer" of that institution. Section 216.225.

■ It thus appears that the warden of the penitentiary is under the direct supervision and control of the Department of Corrections, of which the chief administrative officer is the director of the Department of Corrections. Therefore, the warden does *not* exercise a portion of the sovereign power of government *independently* and without control of a superior power other than the law. He is employed by and under the supervision, direction and control of the director of the Department of Corrections. For this reason the warden of the Missouri State Penitentiary is not a "state officer" as that term is used in Article V, Section 3 of the Constitution. Since no other basis for appellate jurisdiction exists, this court has no jurisdiction of this appeal.

The case is transferred to the Kansas City Court of Appeals.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.