SUMMERS, Justice
(dissenting).
Louisiana had in effect until February 8, 1977 Section 39 of Title 42 of the Revised Statutes providing that after July 31, 1968, no person serving in or elected or appointed to the office of judge of any court shall be eligible to hold or become a candidate for any national, state or local office in any political party organization, other than a candidate for the office of judge for the same or any other court. The act also provided that a judge wishing to become a candidate could do so provided he resign not less than twenty-four hours prior to qualifying-
The act set forth in clear terms that if any judge in office qualified for any other elective position without resigning his qualifications as a candidate for the office shall ipso facto be null and void.
At that time, prior to February 8, 1977, there existed in full force and effect a Canon of Judicial Ethics, which bound all judges of the State, directing that a judge should resign his office when he became a candidate for a non-judicial office.
Then, by a suit for a declaratory judgment and injunction in the Federal District Court for the Eastern District of Louisiana, Judge Morial sought to have the statute and canon barring his qualifications as a candidate for Mayor of the city of New Orleans declared unconstitutional. The suit resulted in a judgment dated February 8, 1977 declaring both the statute and the canon unconstitutional. Thereafter in August 1977 Judge Morial qualified as a candidate for the office of Mayor.
This was a perilous course as any lawyer or judge would know, for an attack upon the statute and a canon on judicial ethics adopted by an overwhelming majority of the States in the Union could only be definitively settled by an adjudication by the highest court in the land. This could not be accomplished in the limited time remaining before qualification.
Thus, it was no surprise, when the decision of the District Court was appealed to the United States Fifth Circuit Court of Appeal. And it should have been no surprise when on November 3, 1977 the Court of Appeal granted a stay order rendering null the effect of the decision of the United States District Court of February 8, 1977. A District Court decree of such far-reaching import would warrant no less.
The effect of the order of the Court of Appeal was to set aside the judgment of the District Court thereby reinstating the effect of the State statute and the canon of judicial ethics. Faced with these viable impediments to his qualifications, Judge Morial resigned.
In my view, however, the resignation did not have the effect of removing the disqualification Judge Morial then faced. The effect of the stay order was to supersede the judgment of the District Court and hold it in abeyance until further action by the Court of Appeal. The result, then, was to reinvest the statute and canon with validity *286 from their inception. It was too late therefore for Judge Morial to resign in keeping with the mandate of the statute or the canon of judicial ethics which required his resignation prior to qualifying. He was disqualified ipso facto. La.Rev.Stat. 42:33; La.Rev.Stat. 18:358(F); Mendel v. Gennaro, La.App., 154 So.2d 531.
Not being qualified, he is incapable of being legitimately elected to the office of Mayor.
I respectfully dissent.