Dennis D. Prater General Counsel Kansas Commission on Governmental Standards and Conduct 109 West 9th Street, Suite 504 Topeka, Kansas 66612
Dear Mr. Prater:
You request our opinion regarding application of the state governmental ethics laws to members of the board of the Kansas turnpike authority. Specifically you question whether members of the board are "in the classified service or unclassified service of the Kansas civil service act." K.S.A. 46-221(a)(2).
In general the state governmental ethics laws apply to every "state officer or employee." The term "state officer or employee" is defined at K.S.A. 46-221(a) as follows:
 "(1) any individual who is an elected or appointed state officer, (2) any individual who is in the classified service or unclassified service of the Kansas civil service act, (3) all officers and employees of the legislative branch and of the governor's office, irrespective of how compensated or period of employment, and (4) any individual who receives monthly or semimonthly compensation for services from the state or any state agency. . . . state officer or employee does not include any appointed member of an advisory council, commission or board, who serves without compensation other than amounts for expense allowances or reimbursement of expenses as provided for in subsection (e) of K.S.A. 75-3223 and amendments thereto, when such member is engaged in performing a function or duty for such council, commission or board."
K.S.A. 1992 Supp. 75-2935 provides in part:
 "(1) The unclassified service comprises positions held by state officers or employees who are:
. . .
 (b) members of boards and commissions, heads of departments required by law to be appointed by the governor or by other elective officers, and the executive or administrative heads of offices, departments, divisions and institutions specifically established by law; . . . ."
There is no definition in the civil service act for the term "state officers or employees." Definitions in other statutes, including K.S.A.46-221 are not helpful either because they are circular (the term is used in the definition) or specific to the act of which they are a part. See
K.S.A. 46-221; 25-1118; 25-2505; 25-4304; 75-2974; 75-5530; 75-5531. In general a "state officer" is the holder of an office created by statute or established by the constitution. State ex rel. Watson v. Cobb,2 Kan. 32 (1863); Williams v Guerre, 162 So. 609 (La. 1935). Another common definition of "state officers" encompasses those whose duties concern the state at large, or the general public [In re PoliceCommissioners, 49 A. 36 (R.I. 1901)]; those whose jurisdiction, duties and functions are coextensive with the state, and who receive authority under state laws and independently perform some governmental functions of the state. Pollard v. Swenson, 403 S.W.2d 601 (Mo. 1966); Texas LiquorControl Board v. Continental Distilling Sales Co., 199 S.W.2d 1009 (Tex. 1947); State v. Jones, 84 So. 84 (Fla. 1920).
The Kansas turnpike authority and its governing body are created by K.S.A. 68-2003. That statute provides in part:
 "There is hereby created a body politic and corporate to be known as the Kansas turnpike authority. The authority is hereby constituted a public instrumentality and the exercise by the authority of the powers conferred by this act in the construction, operation and maintenance of turnpike projects shall be deemed and held to be the performance of an essential governmental function."
The Kansas Supreme Court has consistently held that, for purposes of tort liability, the turnpike authority is an arm or agency of the state created by the legislature to perform an essential governmental function. Flax v. Kansas Turnpike Authority, 226 Kan. 1 (1979);Hesterman v. Kansas Turnpike Authority, 183 Kan. 589 (1958); AndersonCattle Co. v. Kansas Turnpike Authority, 180 Kan. 749 (1957); State exrel. v. Kansas Turnpike Authority, 176 Kan. 683 (1954). In Attorney General Opinion No. 80-56 we concluded that the turnpike authority "is a `state agency' for the specific and limited purpose of K.S.A. 1979 Supp46-224, and as such its employees are state employees, within the meaning of K.S.A. 1979 Supp. 46-221 [the governmental ethics law]."
Two members of the authority are appointed by the governor for terms of four years. One member of the board is a member by virtue of holding the state office of secretary of transportation. One member is a member by virtue being the legislator assigned as chairman of the senate committee on transportation and utilities. The fifth member must be a legislator who is a member of the house committee on transportation. This member is appointed by the speaker of the house. Members of the authority are paid compensation, subsistence, mileage and other expenses allowed to state officers under K.S.A. 75-3223. K.S.A. 68-2003. Among the powers and duties of the authority are the ability to adopt rules and regulations with the force and effect of law [K.S.A. 68-2004(a)(7)] and the power of eminent domain. K.S.A. 68-2005. These are powers of the sovereign. Based on the above-cited common law definitions and the statutes establishing the turnpike authority, its functions and powers, it is our opinion that members of the turnpike authority board are state officers within the meaning of K.S.A. 1992 Supp. 75-2935(a)(1).
Further, it is our opinion that members of the turnpike authority board fall within the parameters of "members of boards and commissions, heads of departments required by law to be appointed by the governor or by other elective officers, and the executive or administrative heads of offices, departments, divisions and institutions specifically established by law." In Attorney General Opinion No. 75-241 Attorney General Schneider concluded that "[t]he words `boards, commissions, and departments,' should not, in our view, be construed in a technical or formal fashion. These terms are used in our judgment to include . . . officers or employees of state agencies, boards, commissions, departments, and any other entity which is an instrumentality of the state, within the unclassified service." The opinion concluded that the turnpike authority is a department of the state for purposes of subsection (1)(m) of K.S.A. 75-2935. By the same analysis, we believe the turnpike authority board is a board or commission for purposes of subsection (1)(b). Further, the members of the turnpike authority board are heads of a department of the state who are appointed by the governor or other elected state officers, and are the executive heads of an office, department, division or institution established by law. It is therefore our opinion that members of the turnpike authority board are members of the unclassified service under the Kansas civil service act, and thus are state officers for purposes of the governmental ethics laws. Because members of the authority receive compensation, and the authority is not merely advisory in nature, the exception to K.S.A. 46-221, quoted above, does not apply. See Attorney General Opinion No. 74-371.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm