398 So.2d 156 (1981)
Debbie MARTINEZ, Plaintiff-Appellant,
v.
Walter REYNOLDS et al, Defendants-Appellees.
No. 8153.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*157 Gravel, Robertson & Brady, Thomas K. Brocato, Alexandria, for plaintiff-appellant.
*158 Thomas S. Halligan and Carmack M. Blackmon, Baton Rouge, Cook, Yancey, King & Galloway, Edwin L. Blewer, Shreveport, for defendants-appellees.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, Debbie Martinez, brought this tort action to recover damages that she allegedly sustained as a result of her wrongful arrest by a Caddo Parish deputy sheriff. She named as defendants, Walter Reynolds, Chief Criminal Deputy, Rapides Parish; Marshall T. Cappel, Sheriff, Rapides Parish; Burl Young, Deputy Sheriff, Caddo Parish; Harold M. Terry, Sheriff, Caddo Parish; and the State of Louisiana. The State of Louisiana filed a peremptory exception of no cause of action, which the trial court sustained, dismissing plaintiff's suit against the state at her costs. From that judgment, plaintiff appeals.
Plaintiff's claim against the state is predicated on the theory that the state is the employer of deputy sheriffs and is therefore vicariously liable for their wrongful conduct under LSA-C.C. Art. 2320. In urging its exception of no cause of action, the state denied the existence of any such employer status, and it relied upon LSA-R.S. 42:1441, which destroys any cause of action against the state for the tortious conduct of sheriffs and their deputies.
Although the trial judge did not specifically find that the sheriff's deputies were not employees of the state, he concluded that the state did not have the requisite control and supervision over their activities needed to impose vicarious liability under LSA-C.C. Art. 2320, citing Savoie v. Fireman's Fund Insurance Company, 347 So.2d 188 (La.1977). In addition, he found that any cause of action against the state, that might otherwise have existed, had been abolished by LSA-R.S. 42:1441, rejecting plaintiff's argument that that provision violates Louisiana Constitution Article XII, Section 10.
On appeal, plaintiff has raised the following issues:
(1) Are sheriffs, and their deputies, employees of the State of Louisiana?
(2) Are the provisions of Act 318 of the Regular Session of 1978 (R.S. 42:1441) unconstitutional in light of Article 12, Section 10(a) of the Louisiana Constitution of 1974?
(3) Is Act 318 of the Regular Session of 1978 an illegal and unconstitutional act of the legislature because of the fact that its underlying Senate Bill Number 905 embraced more than one object, in contravention of Article 3, Section 15 of the Louisiana Constitution of 1974?
The concept that the State of Louisiana is the employer of deputy sheriffs and, as such, vicariously liable for their wrongful acts was first suggested by the Louisiana Supreme Court in Foster v. Hampton, 352 So.2d 197 (La.1977), wherein the court stated:
"... [I]t is well settled that the deputy sheriff is an officer of the state. Williams v. Guerre, 182 La. 745, 162 So. 609 (1935); State v. Jones, 181 La. 390, 159 So. 594 (1935); State v. Titus, 152 La. 1011, 1016, 95 So. 106, 107 (1922). The State, then, may be considered the deputy sheriff's `employer'. Although the doctrine of respondeat superior might be available to hold the State vicariously liable for the negligent torts of its employee in the course and scope of his employment, the State is not a party to this proceeding." (footnote omitted).
The fact that the state was not a party to the proceedings when those comments were made gave rise to the conclusion that they were dicta and therefore only persuasive authority for later decisions. See Michaelman v. Amiss, 376 So.2d 1029 (La.App. 1st Cir. 1979).
Foster v. Hampton later revisited our Supreme Court, however, after being remanded for further proceedings. 381 So.2d 789 (1980). The plaintiff had filed an amended petition in the trial court naming the state as a defendant, and the issue before the Court was whether or not the *159 trial court had erred in sustaining the state's exception of prescription. In its opinion, the Court stated:
"The employment relationship between the deputy sheriff and the State is established, for the reasons stated in the prior opinion of this court. Wambles v. State, 283 So.2d 331 (La.App. 4 Cir. 1973) insofar as it conflicts with that finding, is expressly disapproved."
381 So.2d at page 790. The holding of our Supreme Court in Foster v. Hampton II, supra, leaves no doubt about the fact that deputy sheriffs are to be considered employees of the state. See, Michaelman v. Amiss, 385 So.2d 404 (La.App. 1st Cir. 1980); Rodrigue v. Breaux, 388 So.2d 60 (La.App. 1st Cir. 1980); Hryhorchuk v. Smith, 390 So.2d 497 (La.1980).
Were it not for subsequent legislative action, there would be no doubt about the fact that plaintiff has a cause of action against the state. However, subsequent to the decision in Foster v. Hampton I, our legislature enacted Act 318 of 1978, which effected two important changes in the laws of this state. First, it amended and reenacted LSA-R.S. 33:1433 to delete and repeal the following language:
"That no sheriff of any parish of this state, nor his sureties, shall be liable for any act or tort committed by one of his deputies, or by any person commissioned as deputy sheriff, by him, beyond the amount of the bond furnished by said deputy sheriff, unless said deputy sheriff, in the commission of the said act or tort, acts in compliance with a direct order of, and in the personal presence of, the said sheriff, at the time the act or tort is committed."
Second, it enacted a new provision designated as LSA-R.S. 42:1441, which read as follows:
"A. The state of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.
"B. The provisions of Subsection A hereof are not intended to and shall not be construed to affect any personal liability which may arise from damage caused by any public officer of a political subdivision, or by a district attorney, coroner, assessor, sheriff, clerk of court, or the employee of any such public officer, nor shall the provisions of said Subsection A be construed to amend or repeal R.S. 13:5108.1.
"C. For the purposes of this Section, `political subdivision' means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions."
We believe that by enacting Act 318 of 1978 the legislature intended to legislatively overrule Foster v. Hampton I, supra, by compelling victims of torts committed by deputy sheriffs to seek their relief from the deputies and the sheriffs who hire, control and supervise them, rather than the state, which has virtually no control over their activities. See Wambles v. State, 283 So.2d 331 (La.App. 4th Cir. 1973). It sought to accomplish that purpose by expanding the liability imposed on sheriffs and eliminating any cause of action against the state. We are aware of the fact that our brethren of the Fourth Circuit do not share our view that the legislature intended to broaden the liability of sheriffs by amending LSA-R.S. 33:1433 in Section 1 of the act. Jenkins v. Jefferson Parish Sheriff's Office, 385 So.2d 578 (La.App. 4th Cir. 1980). Nevertheless, we believe that that was clearly the intent of the legislature.
In another recent decision, the Fourth Circuit held that LSA-R.S. 42:1441 does not preclude actions against the state for damages arising out of torts committed by deputy sheriffs. Carmouche v. Oubre, 394 So.2d 805 (La.App. 4th Cir. 1981), docket number 11590, decided February 5, 1981. The Court concluded that LSA-R.S. 42:1441 was not applicable to such cases, because under the holding in Foster, a deputy is not an employee of the sheriff.
*160 With due respect to our brethren, we cannot agree with that reasoning. We do not understand Foster to mean that a deputy sheriff is not an employee of the sheriff as well as the state. Furthermore, we take notice of the fact that deputy sheriffs are ordinarily understood to be employees of the sheriff. "The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words." LSA-C.C. Art. 14.
We conclude that LSA-R.S. 42:1441 applies to deputy sheriffs, destroying any cause of action against the state arising out of their tortious conduct. Our next inquiry is whether this effect is constitutionally premissible. Plaintiff contends that it is not, because it violates Louisiana Constitution Article XII, Section 10(A), which provides:
"Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
Plaintiff argues that the abolition of her cause of action against the state amounts to a grant of governmental immunity in violation of the above provision.
We find no merit in that argument. Regulation of causes of action, including replacement and even abolition of causes of action that one person may have against another for personal injuries, is a valid legislative function. Burmaster v. Gravity Drainage District No. 2, 336 So.2d 1381 (La.1978), and authorities cited therein. We do not believe that the above constitutional provision can be so broadly construed as to deprive the legislature of this right, at least under the circumstances present in this case.
Plaintiff is not being denied the right to recover for her alleged injuries simply because the defendants are governmental entities. By contemporaneously amending LSA-R.S. 33:1433 to remove the former limitations on the liability of sheriffs, the legislature has provided her with an adequate remedy. She is simply being compelled to seek her relief from the parties who were in the best position to prevent such injuries. Thus, the act creating LSA-R.S. 42:1441 had a legitimate purpose, which does no violence to Article XII, Section 10(A) of the Constitution.
Although his statement of the issues does not reflect it, counsel for plaintiff also argues that LSA-R.S. 42:1441 violates Louisiana Constitution Article I, Section 22, which provides:
"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
We find no merit in that argument. As we noted earlier, plaintiff has an adequate remedy for her alleged injuries. Furthermore, she has not been deprived of a vested property right, which is protected by the guarantee of due process. As our Supreme Court stated in Burmaster v. Gravity Drainage District No. 2, supra:
"Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. See Gibbes v. Zimmermann, 290 U.S. 326, 332, 54 S.Ct. 140 [142], 78 L.Ed. 342 (1933); Pritchard v. Norton, 106 U.S. 124, 132, 1 S.Ct. 102 [108], 27 L.Ed. 104 (1882). However, where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives. See Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57 [58], 74 L.Ed. 221 (1929)."
366 So.2d at page 1387. See also, Branch v. Aetna Casualty & Surety Company, 370 So.2d 1270 (La.App. 3rd Cir. 1979). Since the allegedly wrongful arrest did not take place until after the effective date of Act 318 of 1978, plaintiff did not have a vested right to a cause of action against the state.
The only remaining issue is whether Act 318 of 1978 violates Louisiana Constitution *161 Article III, Section 15 by having move than one object. Because this was not one of the grounds particularized by plaintiff when she attacked the constitutionality of LSA-R.S. 42:1441 in the trial court, we are not at all certain that this issue is properly before us. See Johnson v. Welsh, 334 So.2d 395 (La.1976); Lewis v. Till, 387 So.2d 706 (La.App. 3rd Cir. 1980). In any event, we find no merit in plaintiff's argument that the act has more than one object.
The word "object" as used in Article III, Section 15 is broadly defined. The object of a law is its aim or general purpose. State v. Dooley, 261 La. 295, 259 So.2d 329 (1972). As we discussed earlier, the obvious purpose of Act 318 of 1978 was to shift responsibility for the tortious conduct of deputy sheriffs and other government employees from the state to the various local governmental entities that actually hire them and control and supervise their work. That was the only purpose or object of the act that we are able to discern. Accordingly, we find no violation of Article III, Section 15 of the Constitution.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.