406 So.2d 284 (1981)
Jerry Lane SULLIVAN, Plaintiff & Appellant,
v.
Howard QUICK, et al., Defendants & Appellees.
No. 8436.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Tommy J. Johnson, Shreveport, and Richard N. Ware, Natchitoches, for plaintiff-appellant.
Thomas & Dunahoe, Edwin Dunahoe, Charles W. Seaman, Natchitoches, Dee M. Taylor, Baton Rouge, for defendants-appellees.
Before CULPEPPER, CUTRER and LABORDE, JJ.
CULPEPPER, Judge.
The plaintiff, Jerry Lane Sullivan, sues to recover damages allegedly sustained as a result of an assault and battery and false arrest by a deputy of the Natchitoches Parish Sheriff's Department. Among the defendants named are Sam James, the Sheriff of Natchitoches Parish, and the State of Louisiana. These two defendants filed peremptory exceptions of no cause of action, which the trial court sustained, dismissing plaintiff's suit against them. Plaintiff appeals.
The plaintiff's claim against these defendants is based on the theory that they are the employers of deputy sheriffs and are vicariously liable for the wrongful conduct of deputy sheriffs acting in the course and scope of their employment, under LSA-C.C. Article 2320.
The issue presented is whether either the sheriff or the state is an employer of a deputy sheriff for the purpose of determining vicarious liability under LSA-C.C. Article 2320. This issue has recently been decided by the Louisiana Supreme Court, with *285 three dissents, in Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La. June 22, 1981).[1]
In Jenkins, our Supreme Court held that a sheriff is the employer of his deputy sheriff, and that LSA-C.C. Article 2320 imposes vicarious liability upon a sheriff in his official capacity for the deputy's wrongful conduct in the course and scope of his employment. Further, the court noted that LSA-R.S. 42:1441[2] provides the state with immunity from liability for the wrongful conduct of a sheriff's employee.
Prior to Jenkins, this Court reached the same result in Martinez v. Reynolds, 398 So.2d 156 (La.App. 3rd Cir. 1981). There we specifically held that LSA-R.S. 42:1441 applied to deputy sheriffs as employees of the sheriff, destroying any cause of action against the state arising out of their wrongful conduct.
For the reasons assigned, the judgment appealed is affirmed insofar as it dismisses plaintiff's suit against the State of Louisiana. That portion of the judgment sustaining the exception of no cause of action filed by Sheriff Sam James is reversed, and the exception is overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against Sheriff James. Assessment of costs in the trial court must await a final judgment there.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The trial judge in the present case did not have the benefit of the Supreme Court's decision in Jenkins, which was rendered after his judgment was signed.
[2] LSA-R.S. 42:1441 states:

"A. The state of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.
B. The provisions of Subsection A hereof are not intended to and shall not be construed to affect any personal liability which may arise from damage caused by any public officer of a political subdivision, or by a district attorney, coroner, assessor, sheriff, clerk of court, or the employee of any such public officer, nor shall the provisions of said Subsection A be construed to amend or repeal R.S. 13:5108.1.
C. For the purposes of this Section, "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions."