533 So.2d 124 (1988)
Billy Lee COOLEY
v.
The STATE of Louisiana, et al.
No. 88-CA-0400.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Lee S. McColloster, Harahan, for plaintiff.
William J. Guste, Jr., Atty. Gen., Peter J. Giarrusso, Louisiana Dept. of Justice, Baton Rouge, for defendant.
Before GULOTTA, C.J., and SCHOTT and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Billy Lee Cooley, appeals from a judgment sustaining an exception of no cause of action raised by defendant, the State of Louisiana, through the Department of Public Safety and Corrections (State-DPSC). We affirm.
In March 1985, plaintiff was convicted of forgery and sentenced to serve three years at hard labor in the custody of the DPSC. Because of overcrowding problems in the State prison system plaintiff remained in the physical custody of the Orleans Parish Criminal Sheriff. In February and March 1986, the plaintiff was allegedly beaten by sheriff's deputies on a number of occasions; denied medical treatment; placed on a homosexual tier where he was beaten by fellow inmates who wished to have sex with him; chained naked to a steel bar; and while so chained, made to urinate and defecate in a plastic bucket and sleep on a bare mattress on the floor. As a result *125 plaintiff allegedly sustained various physical and psychological injuries.
In his lawsuit plaintiff named as defendants various state, municipal and parish agencies as well as persons in their individual and official capacities, including a number of Orleans Parish Criminal Sheriff's deputies. The deputies allegedly administered the beatings, were responsible for placing him on the homosexual tier, and were partially responsible for chaining him. He alleged that the State-DPSC was vicariously liable for the acts of the deputies. The State-DPSC filed an exception of no cause of action which was maintained by the trial court.[1]
In considering an exception of no cause of action the correctness of the allegations of fact is conceded and every reasonable interpretation must be accorded to language of the petition in favor of maintaining its sufficiency and affording plaintiff the opportunity of presenting his evidence. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Carmouche v. Oubre, 394 So.2d 805 (La.App. 4th Cir.1981); La.C.C.P. arts. 927, 931. In the case at bar, however, the dispositive issue appears to be one of law, not fact.
Plaintiff contends that the State-DPSC is vicariously liable for the acts and omissions of the sheriff's deputies. He points out that he was committed by the trial court to the DPSC. Because the Orleans Parish Criminal Sheriff was keeping him for the DPSC, plaintiff reasons that the sheriff's deputies were acting as agents for the State-DPSC. In opposition the State-DPSC cites a number of statutory provisions including La.R.S. 42:1441, Added by Acts 1978, No. 318, § 2 which states in pertinent part:
A. The state of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.
We first note that the tortious acts allegedly committed by the sheriff's deputies were done within the course and scope of their official duties as contemplated by La. R.S. 42:1441 A. It is also clear that acts allegedly done by the Orleans Parish Criminal Sheriff cannot form a claim for the State's liability. There had been some confusion generated by the decisions of the Louisiana Supreme Court in the case of Foster v. Hampton, 352 So.2d 197 (La. 1977), after remand, 381 So.2d 789 (La. 1980), regarding the employment status of a deputy sheriff vis-a-vis a sheriff, the State's liability for torts committed by a deputy sheriff, and the effect of La.R.S. 42:1441 on such liability.[2] The confusion stemmed from the court's dicta in Foster v. Hampton I, and its holding in Foster v. Hampton II, that a deputy sheriff is an employee of the State which may be held vicariously liable for the deputy's torts. Following the enactment of La.R.S. 42:1441 courts began wrestling with the problem of whether to classify the deputy sheriff as an employee of the State, an employee of the sheriff, or perhaps both.
In Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.1981) the Louisiana Supreme Court examined La.R.S. 42:1441, its decisions in Foster v. Hampton I and II, supra, and the issue of who was a deputy sheriff's employer.
In Jenkins the State was not a party to the action and the court, therefore, could not squarely decide the State's liability under La.R.S. 42:1441. However, the court referred to La.R.S. 42:1441 in its effort to determine the legislative intent of Act 318 and its attempt to identify the "real" employer *126 of a deputy sheriff. The court stated:
The reality of the situation is that there does exist an employment relationship between a sheriff and his deputies. The sheriff, and not the state, hires and fires deputies, exercises direct and indirect supervision and control over them, fixes their time and place of work, and generally allocates their responsibility and assigns their duties. Although the money for the operation of the various sheriffs' departments may come from various sources of public funds (primarily fees as tax collector and in civil and criminal matters), the sheriffs disburse the allocated funds and actually pay most of the salaries of the deputies with these funds. No one but the sheriff can realistically be viewed as the employer of the deputies.
Act 318 also amended La.R.S. 33:1433, deleting language which provided a sheriff with a general immunity from liability except for the deputy's acts done in compliance with a direct order of and in the presence of the sheriff. The Jenkins court further stated:
The Legislature, in enacting Act 318 of 1978, has clearly indicated its intention that governmental responsibility for torts committed by a public employee should be placed on the public officer most closely related to the tortfeasor. The Legislature also removed the previous statutory immunity enjoyed by the sheriff. Moreover, as noted in the discussion of the employment relationship, neither the state nor the parish (the other logical entities on which liability might be imposed) exercises any significant control over sheriff's deputies. We conclude that the sheriff is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff.
In Vance v. Orleans Parish Criminal Sheriff's Department, 483 So.2d 1178 (La. App. 4th Cir.1986), this court cited Jenkins v. Jefferson Parish Sheriff's Office, supra, and noted that the Supreme Court reexamined its prior holdings in Foster v. Hampton, supra, and held that a deputy sheriff is an employee of the sheriff.
If the plaintiff had been sentenced to Orleans Parish Prison, La.R.S. 42:1441 would clearly abrogate any cause of action the plaintiff would have had against the State-DPSC for damages caused by the Orleans Parish Criminal Sheriff or his deputies. But plaintiff was sentenced to hard labor and committed to the DPSC. He seeks to sue the sheriff's deputies not as employees of the State but as employees of the Orleans Parish Criminal Sheriff acting as agents for the State-DPSC.
However, we believe La.R.S. 42:1441 abrogates plaintiff's cause of action against the state even based upon his suit against the deputies as employees of the sheriff. First, by its plain language the statute abrogates plaintiff's cause of action against the state. In addition the Supreme Court's analysis of the legislative history behind Act 318 dismisses any notion that the State exercises any significant control over sheriff's deputies. That analysis was aimed at determining whether a deputy was an employee of the State or sheriff but is useful to our analysis here.
La.R.S. 15:824 B provides that in the event an inmate remains in a parish jail after being committed to the DPSC, the DPSC shall pay the sheriff a per diem allowance for keeping and feeding the inmate, and reimburse the sheriff for medical expenses furnished to the inmate by the sheriff. The only apparent control the DPSC has over the sheriff in such a case is set forth under La.R.S. 15.711 B. Under this statute providing for parish work release programs, an inmate committed to the DPSC but who is in the physical custody of a parish sheriff is only eligible for a parish work release program if he meets criteria established by the DPSC and written approval of the secretary is obtained. Also, under La.R.S. 15:706 A(3), if such an inmate is transferred from one parish jail to another, the transferring sheriff must notify the DPSC. Of course when such an inmate's sentence is completed we presume he must be officially discharged by the DPSC.
*127 Due to the general overcrowding in the state prison system and the advent of court orders limiting the population of certain institutions, it is common for inmates sentenced to hard labor and committed to the DPSC to serve relatively short sentences in parish jails in the custody of parish sheriffs. The sheriff is responsible for the care of these inmates. Besides the instances previously mentioned, the sheriff has absolute authority over the inmate without any control whatsoever exercised by the DPSC.
For these reasons we find that La.R.S. 42:1441 abrogates any cause of action the plaintiff may have had against the State DPSC for the actions of the Orleans Parish Criminal Sheriff or his deputies.
For the foregoing reasons, the trial court's judgment dismissing plaintiff's suit against the State of Louisiana through the Department of Public Safety and Corrections is affirmed.
AFFIRMED.
NOTES
[1] As a precautionary measure the judgment of the trial court expressly retained as defendants the State of Louisiana through Charity Hospital and the State of Louisiana through the Department of Health and Human Resources.
[2] Michaelman v. Amiss, 376 So.2d 1029 (La.App. 1st Cir.1979), after remand, 385 So.2d 404 (La. App. 1st Cir.1980); Martinez v. Reynolds, 398 So.2d 156 (La.App. 3rd Cir.1981); Carmouche v. Oubre, 394 So.2d 805 (La.App. 4th Cir.1981).