Dear Mr. Stokes:
Please be advised that the office of the Attorney General is in receipt of your opinion request wherein you posed the following questions:
Who would be liable for the expenses of transporting an escaped prisoner back to the parish in which he was incarcerated?
Can a sheriff allow prisoners that have not been arraigned or sentenced by the District Court to work as trustees?
With regard to the first question, the Official Revision Comment of LSA C.Cr.P. Art 279 provides as follows with regard to extradition costs and expenses:
"In the case of escapees from prison, or probation violators, the costs and expenses must be paid by the institution or agency from which the fugitive escaped."
Therefore, it is the opinion of this office that the costs and expenses of transporting the escaped prisoner should be paid by the Jackson Parish Sheriff's Office.
With regard to the second question, Louisiana statute LSA R.S.15:711 states, in relevant part:
§ 711. Work Release Program
 A. The sheriff of each parish, and in Orleans Parish, the criminal sheriff, is hereby authorized to establish and administer a work release program for inmates of any jail or prison under his jurisdiction. In the event that the inmate is confined to a parish correctional facility not operated by the sheriff, then the superintendent of the correctional facility is hereby authorized to establish and administer a work release program for inmates of the correctional facility under his jurisdiction, and where the word sheriff is used herein it shall also mean superintendent of the correctional facility wherein the inmate is confined.
 B. Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the release program, except that no inmate may participate in the program if his sentence so stipulates. Inmates sentenced to the Department of Corrections who are in the custody of the sheriff shall not be eligible for work release unless such inmates are in compliance with standards for work release within the department and written approval of the secretary of the department is obtained. If any inmate violates the conditions prescribed by the sheriff, his work release privileges may be withdrawn. Failure to report to or return from the planned employment shall be considered an escape under the provisions of R.S 14:110. The sheriff may approve as work release privileges, placement in universities, colleges, technical, vocational or trade schools or in sheltered workshops or in training programs designed to improve the skills and abilities of the inmate.
Louisiana statute LSA R.S. 15:704 states, in relevant part:
§ 704. Sheriff keeper of jail
 Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders.
In Harper v. State, Dept. of Public Safety and Corrections,679 So.2d 1321 (La. 9/5/96) the Louisiana Supreme Court held that the Department of Public Safety and Corrections had no duty to warn or advise the Sheriff of Grant Parish not to use an inmate on parole violation as a worker outside of the jail, based on the reasoning that even if there were a DPSC policy that parole violators should not be allowed to work outside of a jail, the DPSC could not enforce it. Under LSA-R.S. 15:708, a sheriff is specifically authorized to use any willing prisoner, including a prisoner awaiting transfer to a state correctional facility, as manual labor outside of the prison, and such prisoners would always remain under the custody and control of the sheriff. It also states, "By statute, only where a sheriff transfers a prisoner who is under sentence to the DPSC to another jail, or where a [sic] inmate sentenced to the DOC is going to be used in a work release program, is DPSC or DOC approval required. LSA-R.S. 15:706A(3) and 15:11B. Other than these two exceptions, `the sheriff has absolute authority over the inmate without any control whatsoever exercised by the DPSC'" citing Cooley v. State,533 So.2d 124 at 126.
Therefore, it is the opinion of this office that the sheriff of Jackson Parish has the authority to allow prisoners that have not been arraigned or sentenced by the District Court to act as trustees.
Our office is not prepared to answer questions 3 or 4 because there are insufficient facts given to address them and it is unclear whether these questions are related to or based on an actual controversy.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ STEPHEN B. STREET, JR. ASSISTANT ATTORNEY GENERAL
SS, JR./ks/jy
Date Released: August 6, 2002