# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 17-800


**SARAH BARBER, ET AL.**

**VERSUS**

**LOUISIANA MUNICIPAL RISK MANAGEMENT AGENCY**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251753
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Robert L. Bussey**
**Lewis O. Lauve, Jr.**
**Special Assistant Attorneys General**
**P. O. Drawer 8778**
**Alexandria, LA 71306-1778**
**(318) 449-1937**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana**

**Jeremy C. Cedars**
**Keiser Law Firm**
**P. O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Estate of Larry Jeane, Sr.**

**Derrick G. Earles**
**David C. Laborde**
**Jeff D. Easley**
**Laborde Earles Law Firm**
**100 Versailles Blvd, Ste A**
**Alexandria, LA 71303**
**(318) 625-6397**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Sarah Barber**
    **Jamie Turner**
    **Racheal Spivey**
    **Sarah Barber, o/b/o Abbigail Turner**
    **Wallace Spivey**
    **Jamie Turner, o/b/o Abbigail Turner**
    **Elizabeth Spivey**
    **Dana Spivey**

**EZELL, Judge.**

The Plaintiffs in this case appeal the grant of summary judgment by the trial court in favor of the State, finding that it is not vicariously liable for the acts of the Pineville City Marshal. The Plaintiffs were injured in a car accident involving the City Marshal. On appeal, the Plaintiffs argue that the trial court should have granted their cross motion for summary judgment and held the State vicariously liable for the action of the City Marshal.

## FACTS

The accident occurred on July 18, 2014. Sarah Barber was driving her car southbound on Louisiana Highway 107 in Pineville, Louisiana. Abbigail Turner, Racheal Spivey, and Dana Spivey were guest passengers in the vehicle. At the same time, Larry Jeane, who was in the course and scope of his employment as Marshal with the City of Pineville, was traveling northbound on Highway 107. Mr. Jeane crossed the centerline and hit the Barber vehicle. Mr. Jeane died because of the accident, and the occupants of the other vehicle sustained serious injuries.

Suit was filed by and on behalf of the occupants of the Barber vehicle against the City of Pineville and its insurer, Louisiana Municipal Risk Management Agency Group Self-Insured Fund. Also named as defendants were the Estate of Larry Jeane and the uninsured/underinsured carrier for the Spiveys, Shelter Mutual Insurance Company. A supplemental and amending petition was filed adding additional defendants: The State of Louisiana; Republic Fire and Casualty Insurance Company, the insurer of Mr. Jeane; the Rapides Parish Police Jury; the City of Pineville City Marshal's Office and its unknown insurer.

The State filed an exception of no cause of action seeking dismissal of the Plaintiffs' claims against it. The Rapides Parish Police Jury and the Pineville City Marshal also filed exceptions of no cause of action. The trial court denied the

exception filed by the State but granted the exceptions filed by the Police Jury and the City Marshal. The State sought review of the trial court's ruling in this court. This court found no error in the trial court's ruling. The supreme court also denied the State's application for supervisory writs. *Barber v. La. Mun. Risk Mgmt. Agency Group Self-Insured Fund*, 16-291 (La. 4/8/16), 191 So.3d 586.

The State and the Plaintiffs filed cross motions for summary judgment regarding the vicarious liability of the State for the actions of Mr. Jeane as City Marshal. At the time of the hearing on the cross motions for summary judgment, the State was the only remaining defendant concerning Mr. Jeane's employer. The hearing was held on June 12, 2017. The trial court denied the Plaintiffs' motion for summary judgment and granted the State's motion for summary judgment finding that the State was not the employer of Mr. Jeane as City Marshal and not liable for his actions in causing the accident. The State was dismissed from the case by judgment signed on June 12, 2017. The Plaintiffs then filed the present appeal.

## STANDARD OF REVIEW

"Appellate courts review summary judgments *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Greemon v. City of Bossier City*, 10-2828, 11-39, p. 6 (La. 7/1/11), 65 So.3d 1263, 1267. A summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "The burden of proof rests with the

2

mover." La.Code Civ.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the matter at issue, however, his burden on the motion for summary judgment "does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* Specifically, "[t]he burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

**DISCUSSION**

All parties agree that the facts are not in dispute and that only a question of law is at issue: Is the State vicariously liable for the accident caused by Mr. Jeane when he was in the course and scope of his employment as the Pineville City Marshal? The Plaintiffs claim that the Marshal is commanded by the State Legislature to enforce the mandates of the Pineville City Court, which is a part of the judiciary branch of state government. Therefore, the Plaintiffs claim that the State is vicariously liable for the acts of the Marshal. The State argues that the Plaintiffs must establish a master/servant relationship between it and the Marshal under the traditional criteria of control, compensation, and course and scope as required by La.Civ.Code art. 2320 and La.R.S. 42:1441.4.

Pursuant to La.Civ.Code art. 2320, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Louisiana Revised Statutes 42:1441 providing for the limitation of the vicarious liability of the State of Louisiana stated at the time of this accident[1]:

---

[1] Louisiana Revised Statutes 42:1441 was amended by Acts 2017, No. 414, § 1, regarding the liability and indemnification of a district attorney.

A. The state of Louisiana shall not be liable for any damage caused by a district attorney, a coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, a coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.

B. The provisions of Subsection A of this Section are not intended to and shall not be construed to affect any personal liability which may arise from damage caused by any public officer of a political subdivision, or by a district attorney, coroner, assessor, sheriff, clerk of court, or the employee of any such public officer, nor shall the provisions of said Subsection A be construed to amend or repeal R.S. 13:5108.1.

C. For the purposes of this Section, "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.

In La.R.S. 42:1441.4, the legislature set forth the following findings and purposes regarding governmental liability for employee offenses and quasi offenses:

With respect to the nonliability situations set forth in this Chapter as well as the master-servant tort liability provisions contained in this Chapter, the legislature finds and states that:

(1) The intent of the Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi offenses of his servant can be found implied in the traditional interpretation and application thereof, in much the same manner as explained in Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968), the same with respect to the relationships between governmental bodies politic and their respective officers and employees as it is with respect to relationships among private individuals.

(2) Such cases as Foster v. Hampton, 352 So.2d 197 (La.1977) and 381 So.2d 789 (La.1980); Mullins v. State, 387 So.2d 1151 (La.1980), and Hryhorchuk v. Smith, 390 So.2d 497 (La.1980), represent misinterpretations and misapplications of Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi offenses of his servant.

(3) The intent and purpose of the provisions contained in this Chapter relative thereto are to restore to the legislatively created Civil Code Article 2320 and other laws imposing such master-servant liability the true legislatively intended meaning, interpretation, and application deviated from in such relationships, circumstances, and

4

cases as reported in Foster v. Hampton, Mullins v. State, and Hryhorchuk v. Smith, supra.

(4) The intent, purpose, and effect of such provisions in this Chapter are not to attempt a reestablishment of any governmental immunity based on the status of sovereignty of any government, but rather to correct the legislatively created substantive law, in much the same manner as such provisions were correctly interpreted and upheld in Martinez v. Reynolds, 398 So.2d 156 (La.App. 3rd Cir.1981), and Sullivan v. Quick, 406 So.2d 284 (La.App. 3rd Cir.1981).

(5) The liability of government should be no greater than that of private individuals.

(6) That those legislatively created substantive laws which are misinterpreted and misapplied to result in such greater governmental liability can and should be corrected to the same extent and for the same relationships wherein they were erroneously interpreted and applied.

In *Martinez v. Reynolds*, 398 So.2d 156 (La.App. 3 Cir. 1981), this court concluded that La.R.S. 42:1441 destroys any cause of action against the State for the vicarious liability of certain governmental employees. Later, applying these statutes, this court held that the State could not be held vicariously liable for a tort committed by a parish constable during the course and scope of his employment as a local official. *Hebert v. Angelle*, 600 So.2d 832 (La.App. 3 Cir.), *writ denied*, 604 So.2d 997 (La.1992).

In *Morgan v. Laurent*, 06-467 (La.App. 5 Cir. 12/27/06), 948 So.2d 282, *writ denied*, 07-178 (La. 3/16/07), 952 So.2d 701, the fifth circuit found that the State could not be held liable for an accident involving a law clerk of a parish district court. This is because La.R.S. 42:1441.1 provides that the State is not liable for the offenses and quasi offenses of any person who is not an employee of the State entitled to indemnification under La.R.S. 13:5108.2. The court held that the law clerk was not one of the covered individuals of the judicial branch for whom vicarious liability extends under La.R.S. 13:5108.1(E). As noted by the

5

court in *Morgan*, 948 So.2d 282, La.R.S. 13:5108.2 was repealed by Acts 2000, 1ˢᵗ Ex.Sess., No. 65, § 2, and the substance is now found in La.R.S. 13:5108.1.

While La.R.S. 42:1441(A) does not specifically list a marshal as one of the governmental employees that the State is not liable for, it does list a "public officer of a political subdivision." A political subdivision is defined as a "municipality . . . authorized by law to perform governmental functions." La.R.S. 1441(C). Furthermore, La.R.S. 13:5108.1(E)(3)(b) specifically provides that a "covered individual" for indemnification purposes does not include marshals, so that La.R.S. 42:1441.1 destroys any cause of action against the State for the offenses of a city marshal. Therefore, the State is not liable for the accident caused by Mr. Jeane as Pineville City Marshal as the legislature has deemed it immune for the actions of a city marshal.

For the reasons set forth in this opinion, the judgment of the trial court granting summary judgment in favor of the State of Louisiana is affirmed. Costs of this appeal are assessed against the Plaintiffs/Appellants.

**AFFIRMED.**